UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Member Actions and to In Re: Motors Liquidation Company*, 20-CV-2757 (JMF)

14-MD-2543 (JMF)
20-CV-2757 (JMF)

------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

During the hearing scheduled for tomorrow, the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, will hear argument first concerning the GUC Trust's motion. The undersigned will then hear argument concerning (1) the motion to withdraw the reference and (2) the motion for preliminary approval of the settlement.

In accordance with the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman, counsel should adhere to the following rules and guidelines during the hearing:

- Absent permission of the Court, no more than two attorneys per party may speak during the teleconference.

- Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

- To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another.

- If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

- Recording of the hearing is prohibited by law.

With respect to the motion to withdraw the reference and the motion for preliminary approval of the settlement, counsel should be prepared to answer the following questions and/or address the following issues. To help ensure that the discussion proceeds smoothly, counsel should coordinate in advance to designate the presumptive speaker or speakers for each issue.

## I. Motion to Withdraw the Reference

1. To the extent that the parties ask the Court to withdraw the Late Claims Motions, and approve a settlement that would moot those motions, doesn't the motion implicate core matters?

2. Do other creditors of the GUC Trust (e.g., AAT) have any interest in the forum in which the approval proceedings take place? Put differently, would withdrawal of the reference (as opposed to approval of the settlement) prejudice any absent parties?

## II. Motion for Preliminary Approval

### A. Approval Procedures

1. Pursuant to Paragraph 141 of the Settlement Agreement, entry of an order approving the GUC Trust Motion is a condition precedent to entry of an order preliminarily approving the settlement. What happens in event of an appeal from an order approving the GUC Trust Motion? Is it correct that entry of final order approving the settlement agreement is dependent on resolution of all appeals — i.e., GUC Trust Approval Order Effective Date? If so, should/would the Court hold a fairness hearing in the event of an appeal?

2. What is the legal basis to require the Class Action Settlement Administrator to file the declaration and list of opt-outs under seal, as provided in Paragraph 28 of the Proposed Order? Why should the parties not be required to follow the Court's standard procedures for requesting to file something under seal?

### B. Class Certification

1. Mindful of the fact that in their motion for class certification Plaintiffs proposed twenty-three separate classes and subclasses, are the five subclasses proposed here sufficient? Put differently, are there salient conflicts among plaintiffs *within* the proposed subclasses (e.g., based on different vehicles, different jurisdictions, or whether plaintiffs purchased or leased their vehicles)?

2. Can class representatives adequately represent class members whose claims arise under the laws of a different state?

3. New GM opposed Plaintiffs' motion for class certification on the ground that individual issues (namely, reliance, causation, and the change in Old GM's and New GM's knowledge over time) predominated over common issues. *See* ECF No. 6132. Why would these issues be any less salient in the context of settlement?

C. **Terms of the Class Recovery**

1. Paragraph 82 of the Settlement Agreement conditions recovery by class members on completion of recall repairs. What authority supports that limitation? Put differently, what authority supports the proposition that the Court may compromise class members' rights and interests in the name of "public safety"?

2. Can Plaintiffs' counsel provide a sense, even a rough sense, of their lodestar?

D. **Notice**

1. Should the notice provided to putative class members not make clear that the settlement does *not* affect claims for personal injury, wrongful death, or property damages?

2. Will the Settlement website be separate from MDL website? Will the MDL website provide information about the settlement and include a link to the Settlement website?

E. **Claims Procedures**

1. Paragraph 84 of the Settlement Agreement provides that the Settlement Administrator's decisions about whether claimants are members of the class and/or a subclass are "final and binding" and there is "no right of appeal" to any court. Why is that? Should claimants not have the right to appeal the Settlement Administrator's decisions?

2. The Settlement claim form allows an attestation under penalty of perjury to satisfy claimants' obligations to submit documentation, *except* as to claimants who are not current owners/lessees of a Subject Vehicle and whose vehicles were sold after the notice mailing date. *See* ECF No. 7815-9, at 3. Why?

3. Under the terms of the Settlement Agreement, claims can be submitted through the "Final Effective Date," but Paragraph 24 of the Settlement Agreement gives the parties authority to make that *any* date. Should the Final Effective Date not be more defined — or require that any change be subject to Court approval?

4. The proposed settlement procedures make it more difficult to opt out than to submit a claim. For instance, class members who seek to opt out must include the same information about their vehicle (including VIN, make, and model) as those who file claim forms, and they must mail their opt-out request to the Class Action Settlement Administrator — whose address is provided in the long-form notice, rather than provided to class members directly — rather than submit it online, as claimants can. Should not the procedures for opting out be as easy as the procedures for submitting a claim?

5. Why not make claim form and/or opt-out form fillable and submittable online?

**F. Miscellaneous**

1. Paragraph 44 of the proposed preliminary approval order would seem to stay and enjoin all litigation relating to the Settlement Agreement, including claims arising from a breach of that agreement. Is that the intended effect? And if so, why is it necessary?

2. What effect, if any, does the Settlement Agreement — now or if final approval is granted — have on the Elliott bankruptcy appeal, 19-CV-5666?

SO ORDERED.

Dated: April 22, 2020
       New York, New York

                                                      JESSE M. FURMAN
                                                      United States District Judge

4